Sheryl P. Giugliano
Michael S. Amato
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone:  516-663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com

*Proposed Attorneys for Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

                                  Chapter 11 (Subchapter V)

HAL LUFTIG COMPANY, INC.,

                                  Case No. 22-11617 (JPM)

                       Debtor.
-------------------------------------------------------------x

## DEBTOR'S SUBCHAPTER V STATUS REPORT PURSUANT TO 11 U.S.C. §1188(c)

Hal Luftig Company, Inc. (the "Debtor"), the above-captioned debtor and debtor-in-possession, has elected to file this case under Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").  The Debtor files this report pursuant to Section 1188(c) of the Bankruptcy Code and the Notice of Subchapter V Status Conference (ECF Doc. No. 19) entered by this Court.

    1.    **Type of Plan.**  The Debtor hopes to pursue a consensual plan under Bankruptcy Code §1191(a), but will pursue confirmation of a non-consensual plan under §1191(b) if necessary.

    2.    **Efforts to Formulate a Subchapter V Plan.**  Since commencing the above-captioned Subchapter V reorganization case on December 1, 2022 (the "Petition Date"), the Debtor has taken steps to develop and achieve a plan.  <u>First</u>, on December 7, 2022, the Debtor timely filed its Schedules of Assets and Liabilities (ECF Doc. No. 23) and Statement of Financial Affairs (ECF

1

Doc. No. 22).  Second, the Debtor has taken steps to pause post-petition judgment enforcement collection efforts by FCP Entertainment Partners, LLC ("FCP") which would likely have an adverse economic impact on the Debtor's estate because they would, among other things, distract the Debtor's sole shareholder and President, Hal Luftig, who is responsible for the Debtor's success and an essential part of the plan process.[1]

3. On the Petition Date, the Debtor commenced an adversary proceeding against FCP by filing a complaint, together with an emergency motion (Adv. Pro. ECF Doc. No. 3) seeking to extend the automatic stay to Mr. Luftig. On the Petition Date the Court held an emergency hearing, and on December 2, 2022, the Court entered a Stipulation and Order (Adv. Pro. ECF Doc. No. 7) pursuant to which the Debtor, Mr. Luftig and FCP agreed to a standstill and a briefing schedule. On December 9, 2022, FCP filed its opposition (Adv. Pro. ECF Doc. Nos. 11, 12, and 13) to the Debtor's motion. On December 14, 2022, the Debtor filed its reply (Adv. Pro. ECF Doc. Nos. 15 and 16) in further support of its motion. The Court held a hearing on December 16, 2022 on the Debtor's contested motion. At the December 16, 2022 hearing, the Court inquired whether a decision to extend the stay to Mr. Luftig would affect Mr. Luftig's pending appeal to the Second Circuit, and requested that the parties file letter briefs advising the Court of their positions on that issue. On December 20, 2022, the parties each filed letters on the docket in the adversary proceeding (Adv. Pro. ECF Doc. Nos. 19 and 20), and currently await a decision from the Court

---

[1] The Debtor and Mr. Luftig are jointly and severally liable under a judgment to FCP. Mr. Luftig is appealing the decision by the U.S. District Court for the Southern District of New York denying his petition to vacate the final arbitration award and granting FCP's petition to confirm the final arbitration award finding him jointly and severally liable with the Debtor for breach of a contract to which he was not a party. The automatic stay under Bankruptcy Code §362 does not apply to Mr. Luftig, a non-debtor, so upon expiration of the thirty (30) day stay on judgment enforcement under Rule 62 of the Federal Rules of Civil Procedure (presently January 6, 2023), FCP may be able to begin judgment enforcement and collection efforts against Mr. Luftig. On the Petition Date, the 30 day stay under Rule 62 was due to expire the next day, December 2, 2022.

on the Debtor's motion.

4. The Court's decision on the Debtor's motion will greatly impact the Debtor's ability to efficiently and effectively propose a workable plan and successfully emerge from this Subchapter V reorganization case, because the Debtor relies upon Mr. Luftig's daily efforts to generate revenue through new projects from legacy productions.

5. <u>Third</u>, on December 13, 2022, the Debtor and its proposed counsel attended the Initial Debtor Interview ("IDI") with the U.S. Trustee analyst assigned to the Debtor's case, the U.S. Trustee trial attorney assigned to the Debtor's case (Paul Schwartzberg, Esq.), and Charles N. Persing, the Subchapter V Trustee (the "Trustee"). In advance of the IDI, the Debtor timely provided the U.S. Trustee's Office and the Trustee with financial statements, filed tax returns, and other requested documents. During the IDI, the Debtor and its counsel engaged in fruitful discussions with the Trustee regarding the Debtor's plans for this Subchapter V reorganization. The Trustee provided the Debtor with a form template for a 13-week cash flow projection which the Debtor is currently developing.

6. <u>Fourth</u>, with respect to the Debtor's retention of necessary professionals, on December 20, 2022, the Debtor's proposed attorneys filed an application for entry of an order authorizing the Debtor to retain them as counsel (ECF Doc. No. 27), which will be presented to the Court for consideration on December 30, 2022. The Debtor intends to retain a tax accountant and will file a retention application in advance of the Subchapter V Status Conference.

7. Last, the Debtor intends to retain a financial advisor whose services will be crucial to the Debtor's ability to: (i) formulate a liquidation analysis necessary for confirmation of a plan, (ii) formulate financial projections necessary to determine proposed distributions under the plan and the Debtor's net disposable income in the event creditors will not be paid in full, and (iii)

3

estimate FCP's unliquidated claim. In addition, a financial advisor can assist the Debtor in proposing creative financial solutions to potential hurdles to plan confirmation as a result of the nature of the Debtor's business in live theater productions. The Debtor interviewed a potential proposed financial advisor who has successfully confirmed Subchapter V reorganization plans before this Court, and the Debtor is preparing historical financial data and projections for the advisor's review. Debtor's counsel will file an application to retain the financial advisor before the Subchapter V Status Conference.

8. <u>Fifth</u>, the Debtor is preparing internal financial reports to share with the Debtor's proposed financial advisor which will allow the Debtor to evaluate potential future income from legacy productions, and possible future income from new projects, all of which is necessary to formulate a plan.

9. <u>Sixth</u>, on December 19, 2022, the Trustee held the first of weekly scheduled status calls with the Debtor, the Debtor's proposed counsel, Mr. Luftig's individual bankruptcy counsel and the Trustee to discuss the Debtor's and Mr. Luftig's intentions with respect to a plan process, and financial information requested by the Trustee.

10. <u>Seventh</u>, the Debtor hopes to engage in a consensual claim estimation process with respect to the unliquidated portion of FCP's claim. If the Debtor and FCP cannot agree upon a liquidated value for that portion of FCP's claim, the Debtor hopes that the parties can at least agree upon a procedure for an estimation process before the Court.

11. <u>Eighth</u>, the Debtor plans to file in advance of the Subchapter V Status Conference a motion to establish a deadline to file claims against the Debtor's estate, which will assist the Debtor in its efforts to formulate a plan of reorganization.

12. The Debtor will continue to undertake steps to develop and attain a plan and to

complete plan formulation.

13. **Communications with Parties in Interest.** The Debtor has had discussions with the following parties in interest concerning the Debtor's proposed plan:

    a. Mr. Luftig and his bankruptcy counsel;

    b. The Trustee;

    c. Potential proposed financial advisor; and

    d. The U.S. Trustee for Region 2, New York.

14. **Nature of Communications with Parties in Interest.** The Debtor's communications with Mr. Luftig and his counsel concerned Mr. Luftig's contribution to the plan of reorganization, resolving FCP's claims against the Debtor and Mr. Luftig, Mr. Luftig's interest in securing a release from FCP's claims, and the potential structure of a plan of reorganization. The Debtor's communications with the Trustee concerned the Debtor's cash flow and financial projections, as well as the general constructs of a plan of reorganization. The Debtor's communications with the proposed financial advisor concerned the Debtor's historical cash flows, financial projections, the nature of the Debtor's business, and how those factors will be considered in connection with the Debtor's liquidation analysis, financial projections and the estimation of the unliquidated portion of FCP's claim. The Debtor discussed with the proposed financial advisor alternative structures for a plan of reorganization, and additional information needed. Last, the Debtor discussed with the U.S. Trustee the Debtor's expectations for a plan of reorganization and Mr. Luftig's role in that plan. The Debtor intends to communicate with FCP concerning the Debtor's proposed plan. The Debtor is aware that Mr. Luftig's counsel recently had a preliminary settlement discussion with FCP's counsel regarding certain of the disputed issues in this case.

15. **Timing for Filing Plan of Reorganization.** The Debtor intends to file a plan

within the 90-day deadline imposed by Bankruptcy Code §1189(b) (*i.e.,* March 1, 2023).

16. **Anticipated Issues.** The issues the Debtor expects to encounter during this case, include, but are not limited to: (a) obtaining an extension of the automatic stay to non-debtor Mr. Luftig so that he can focus on the Debtor's reorganization and revenue generating projects which will help fund the Debtor's plan and make a distribution to creditors, including FCP; (b) estimating the unliquidated portion of FCP's claim; (c) negotiating terms of settlement with FCP with respect to its claims against the Debtor and Mr. Luftig under a consensual plan of reorganization which benefits all creditors; and (d) potential litigation concerning the Debtor's liquidation analysis and financial projections to the extent the Debtor's proposed plan of reorganization does not satisfy claims against the Debtor's estate in full.

17. **Conclusion**. The Debtor continues to make good faith efforts to take steps towards a proposed plan of reorganization within the time frame allotted under the Bankruptcy Code, and in a manner that involves all necessary parties. The Debtor will continue to work with the Trustee to provide requested financial information and engage in good faith discussions which will enable the Trustee to facilitate a resolution of the issues by and among the Debtor, Mr. Luftig, and FCP.

Dated:  December 21, 2022             /s/Sheryl P. Giugliano
        Uniondale, New York           Sheryl P. Giugliano
                                      Michael Amato
                                      **RUSKIN MOSCOU FALTISCHEK, P.C.**
                                      1425 RXR Plaza
                                      East Tower, 15th Floor
                                      Uniondale, New York 11556

                                      *Proposed Counsel to Debtor and
                                      Debtor-in-Possession*