Sheryl P. Giugliano
Michael S. Amato
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone:  516-663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com

*Counsel to Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

HAL LUFTIG COMPANY, INC.,

                Debtor.
-------------------------------------------------------------x

Chapter 11 (Subchapter V)

Case No. 22-11617 (JPM)

### DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF RK CONSULTANTS LLC AS FINANCIAL ADVISOR FOR DEBTOR EFFECTIVE AS OF DECEMBER 19, 2022

Hal Luftig Company, Inc. (the "Debtor"), the above-captioned debtor and debtor-in-possession, respectfully submits this application ("Application") for entry of an order ("Order"), substantially in the form attached hereto as Exhibit A, authorizing the retention and employment of RK Consultants LLC ("RKC") as financial advisor for the Debtor effective as of December 19, 2022.  In support of the Application, the Debtor respectfully submits: (a) the declaration of Brian Ryniker, founding member of RK (the "Ryniker Declaration"), attached as Exhibit B; and (b) the *Declaration of Hal Luftig under Local Bankruptcy Rule 1007-2 and in Connection with Chapter 11 Filing and Local Rule 9077-1 in Support of Certain "First Day" Motions* (ECF Doc. No. 5) (the "First Day Declaration") filed December 1, 2022, and respectfully represents:

990082

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Application to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a), 328(a), 329, 330, and 1107 of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016(b), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**BACKGROUND**

**The Bankruptcy Case**

4. On December 1, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and elected to proceed in a Subchapter V reorganization case.

5. On December 1, 2022, the Office of the U.S. Trustee appointed Charles N. Persing, CPA/CFF, CVA, CIRA, CFE of Bederson LLP as Subchapter V Trustee in the case.

6. The Debtor was formed in 2000 as a Broadway production company. The Debtor is a theatrical production company that develops, acquires, presents and promotes theatrical plays, musicals, and similar works of theater on stage and in other media.

990082

7. The Debtor's income flows from other entities – holding companies for each production – in which the Debtor holds interests as an investor and/or producer.

8. A more fulsome description of the company, its operations, and the events leading to this filing are set forth in First Day Declaration.

9. The Debtor is authorized and intends to continue to operate its business as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

**FCP Entertainment Partners, LLC and its Unliquidated Claim**

10. On December 1, 2022, the Debtor filed a Complaint commencing an adversary proceeding against FCP Entertainment Partners, LLC ("FCP"), a judgment holder against the Debtor and Hal Luftig, the Debtor's sole shareholder, jointly and severally (Adv. Pro. No. 22-01176 (JPM)) seeking entry of emergency injunctive relief under Bankruptcy Code §§ 105 and 362 extending the automatic stay to Mr. Luftig.

11. Prior to the Petition Date, on August 12, 2019, FCP had initiated an arbitration against the Debtor for breach of contract, and against Mr. Luftig for breach of fiduciary duty.

12. On April 1, 2022, the arbitrator issued his final award (the "Final Award") incorporating a prior interim award and holding that the Debtor and Mr. Luftig, as an individual, were jointly and severally liable for breach of contract for the $2.6 million in damages set forth in the Final Award.

13. The Final Award also found that *Kinky Boots,* a Debtor production, was a "vested project" under a prior agreement between FCP and the Debtor and, therefore, the Debtor and Mr. Luftig had both breached that agreement by failing to pay FCP the 55% share of income (the "Unliquidated FCP Claim") due to FCP (above and beyond the $2.6 million in compensatory damages) under the relevant payment provisions of that agreement.

3

990082

14. On April 4, 2022, FCP filed a petition to confirm the Final Award with the U.S. District Court for the Southern District of New York (the "District Court"), Case No. 22-02768 (LAK). Both the Debtor and Mr. Luftig opposed FCP's petition.

15. On May 6, 2022, Mr. Luftig, in his individual capacity, filed a Petition to Vacate the Final Award with the District Court, Case No. 22-03697 (LAK) because, among other reasons, Mr. Luftig was not a party to the relevant agreement which he was found jointly and severally liable for breaching. FCP opposed Mr. Luftig's petition.

16. On October 26, 2022, the District Court entered a Memorandum and Order in both actions granting FCP's petition to confirm the Final Award, and denying Mr. Luftig's petition to vacate the Final Award.

17. On October 31, 2022, FCP filed a Motion for Judgment with the District Court and submitted a proposed Final Judgment.

18. On November 2, 2022, the District Court entered the Clerk's Final Judgment, but rejected FCP's proposed abstract of judgment as deficient and premature, and closed both related cases.

19. On November 15, 2022, FCP submitted a proposed Judgment in the action to confirm the Final Award, which was reviewed and approved by the District Court as to form on November 16, 2022, but was not entered as of the Petition Date.

20. Mr. Luftig timely appealed the District Court's Orders.

21. On November 29, 2022, FCP filed another motion to modify the Clerk's Judgment.

22. On December 7, 2022, the District Court entered a Memorandum and Order and the Final Judgment in both cases (commenced by FCP and by Mr. Luftig) confirming the Final Award, including the 55% share of future net income in relation to the production of *Kinky Boots*.

4

990082

## RELIEF REQUESTED

23. The Debtor seeks to employ and retain RKC as of December 19, 2022, to provide financial advisory services in connection with its Subchapter V reorganization case.

24. Subject to approval from the Court, the professional services that RKC will provide include (but are not limited to):

    a. assisting with valuations and a liquidation analysis as may be required for the Debtor's plan of reorganization;

    b. providing financial projections as may be required for the Debtor's plan of reorganization;

    c. estimating and valuing the Unliquidated FCP Claim;

    d. assisting in preparing a plan of reorganization; and

    e. providing such other advice as may be necessary in connection with a plan of reorganization, the Debtor's monthly operating reports, or otherwise in connection with this Subchapter V reorganization case and any related proceedings.

## BASIS FOR RELIEF

25. Pursuant to Bankruptcy Code §327(a), a debtor in possession "with the court's approval, may employ one or more . . . professional persons . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a).

26. Such employment may be based "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

**RKC's Qualifications**

27. The Debtor believes that RKC is well-qualified to assist it in its bankruptcy case in an efficient and timely manner.

5

990082

28. As set forth in the Ryniker Declaration, RKC is ready and willing to act in the Debtor's case and render necessary professional services as financial advisor to the Debtor on the terms described herein. The employment of RKC is appropriate and necessary to enable the Debtor to faithfully execute its duties as a debtor and debtor in possession, and to formulate and propose a credible and reliable plan of reorganization.

29. In light of the fact that the Debtor elected to proceed in a Subchapter V reorganization case, the Debtor has a limited window of time in which to select a financial advisor, provide that advisor with the necessary information to formulate a liquidation analysis, assist with financial projections, value the Debtor's interests in various entities with certain variables, and assist with a plan of reorganization.

30. The Debtor selected RKC as its financial advisor because of RKC's experience and knowledge with regard to business reorganizations under chapter 11 of the Bankruptcy Code, and specifically Subchapter V reorganization cases, and its expertise, experience, and knowledge in practicing before this Court. In addition, RKC has experience with theater-related debtors in possession and the nuances that arise with respect to their future income.

31. RKC's services will enable Debtor to execute faithfully its duties as a debtor in possession, including quickly preparing a plan of reorganization and estimating the FCP Unliquidated Claim. To that end, RKC has stated its desire and willingness to act in this Subchapter V reorganization and to render the necessary professional services as financial advisor to Debtor.

**Professional Compensation and Expenses**

32. RKC intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Debtor's Subchapter V reorganization case, subject to the Court's approval and in compliance with applicable

990082

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure RKC will use are the same as the hourly rates and corresponding rate structure that RKC uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

33. The principal professionals designated to represent Debtor and their current standard hourly rates are:

| Professional | Hourly Rate |
| --- | --- |
| Brian R. Ryniker | $450 |
| Michael Kim | $350 |
| Charles Stryker | $350 |

34. The rates set forth above are subject to periodic review and adjustment. Generally, the rates are subject to an increase near the beginning of each calendar year. If RKC intends to increase its billable rates in the Debtor's case, it will give ten (10) days' notice to the Debtor, the Subchapter V Trustee, the U.S. Trustee's Office and file such notice on the docket.

35. Additionally, it is RKC's policy to charge its clients in all areas of practice for all other expenses incurred in connection with their cases. The expenses charged to clients include, among other things, postage, overnight mail, courier delivery, transportation, overtime expenses, and photocopying. RKC will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to RKC's other clients and also in accordance with the Guidelines of the United States Trustee. RKC believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

36. RKC submits that its proposed rate structure is appropriate and not significantly

different from (a) the rates that RKC charges for other similar types of representations, or (b) the rates that other comparable financial advisor would charge to do work substantially similar to the work RKC will perform in the Debtor's case.

**RKC's Disinterestedness**

37. To the best of Debtor's knowledge, information, and belief, and except as otherwise set forth in the accompanying the Ryniker Declaration, neither RKC nor any of its professionals is a creditor, equity security holder, or an "insider" of Debtor as that term is defined in Section 101(31) of the Bankruptcy Code. Moreover, RKC and its professionals have no connection with and no interests adverse to Debtor, its creditors, the estate, or any other party-in-interest herein or their respective professionals in matters relating to Debtor and its estate, and none of the professionals comprising of or employed by RKC are related to any judge of the United States Bankruptcy Court for the Southern District of New York, the Subchapter V Trustee, or the United States Trustee trial attorney assigned to the Debtor's case.

38. To the best of Debtor's knowledge and based upon the attached Ryniker Declaration, neither RKC nor any of its professionals is or was a director, officer, or employee of Debtor.

39. To the best of Debtor's knowledge, and except as otherwise disclosed in the Ryniker Declaration, (i) RKC does not hold or represent any interest adverse to Debtor with respect to the matters for which it is being retained, (ii) RKC is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by Section 1103(b) of the Bankruptcy Code), (iii) neither RKC nor its professionals have any connection with Debtors, its estate, or its creditors, and (iv) RKC's employment is necessary and in the best interests of Debtor's estate.

990082

**NOTICE**

40. The Debtor will provide notice of this Application to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for Region 2, Attn: Paul Schwartzberg; (ii) Charles N. Persing, the Subchapter V trustee; (iii) the Debtor's only secured creditor, the U.S. Small Business Administration, (iv) the Debtor's 20 largest unsecured creditors; and (v) any such other party entitled to notice pursuant to Rule 9013-1(b) of the Local Rules or that requests notice pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

**LOCAL RULE 9013-1(a) STATEMENT**

41. This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Application. Accordingly, the Debtor submits that this Application satisfies Local Rule 9013-1(a).

**NO PRIOR REQUEST**

42. No prior request for the relief sought herein has been made to this Court or any other court.

[*remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other relief as is just and proper.

Respectfully submitted,

New York, New York
January 5, 2023

HAL LUFTIG COMPANY, INC.
Debtor and Debtor-in-Possession

Hal Luftig, President

Uniondale, New York
January 4, 2023

/s/ Sheryl P. Giugliano
Sheryl P. Giugliano
Michael S. Amato
**RUSKIN MOSCOU FALTISCHEK, P.C.**
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
Telephone: 516-663-6600
sgiugliano@rmfpc.com
mamato@rmfpc.com

*Counsel to Debtor and
Debtor in Possession*

10

990082