UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 (Subchapter V) |
| HAL LUFTIG COMPANY, INC., | Case No. 22-11617 (JPM) |
| Debtor. | |

------------------------------------------------------------x

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF RK CONSULTANTS LLC AS FINANCIAL ADVISOR FOR DEBTOR EFFECTIVE AS OF DECEMBER 19, 2022

Upon the application ("**Application**") (ECF Doc. No. 34)[1] of the above-captioned debtor and debtor-in- possession ("**Debtor**") for entry of an order ("**Order**") authorizing Debtor to retain and employ RK Consultants LLC ("**RK**") as its financial advisor effective as of December 19, 2022; and the Court having reviewed the Application, the declaration of Brian Ryniker ("**Ryniker Declaration**"), and the Notice of Presentment of the Application (ECF Doc. No. 35); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Ryniker Declaration that (a) RK does not hold or represent an interest adverse to Debtor's estate and (b) RK is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief requested in the Application is in the best interests of Debtor's estate, its creditors, and other parties in interest; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

found that Debtor provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and no objections to the relief requested herein having been filed; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is **GRANTED** to the extent set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Debtor is authorized to retain and employ RK as its financial advisor effective as of December 19, 2022, in accordance with the terms and conditions set forth in the Application.

3. RK is authorized to provide Debtor with the professional services described in the Application. Specifically, but without limitation, RK is authorized to render the following services:

   a. assist with valuations and liquidation analysis;

   b. provide financial projections;

   c. preparation of monthly operating reports;

   d. estimating and valuing the unliquidated portion of Debtor's largest creditor;

   e. assist in preparing a plan of reorganization; and

   f. providing such other advice as may be necessary in connection with a plan of reorganization or otherwise in connection with this chapter 11 case and any related proceedings.

4. RK shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and any applicable fee guidelines and any interim compensation orders entered by this Court.

5. RK's hourly rates for its professional as set forth in the Application and the Ryniker Declaration are reasonable, and the retention of RK as financial advisor to Debtor, in accordance

with RK's normal hourly rates as set forth in the Ryniker Declaration, is hereby approved. Compensation and reimbursement for out-of-pocket expenses to be paid to RK shall be paid as an administrative expense of Debtor's estate in such amounts as shall be allowed and determined upon appropriate application to the Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and all applicable orders and procedures as may be fixed by the Court.

6. Prior to any increases in RK's rates, as set forth in the Application, RK shall file a supplemental declaration with the Court and provide ten (10) business days' notice to Debtor, the Subchapter V Trustee and the Office of the United States Trustee, which supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Debtor has consented to the rate increase.

7. Notwithstanding anything in the Engagement Agreement to the contrary, all disputes during the pendency of the Debtor's Subchapter V reorganization case shall be resolved in this Court and shall only go to mediation, arbitration, or state court if this Court declines to hear the matter.

8. To the extent that the Application or Ryniker Declaration is inconsistent with this Order, the terms of this Order shall govern.

9. The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

10. Debtor and RK are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. The Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: January 26, 2023
      New York, New York

                                                             /S/ John P. Mastando III
                                                           JOHN P. MASTANDO III
                                                          UNITED STATES BANKRUPTCY JUDGE