Hearing Date: July 11, 2023  
Hearing Time: 2:00 pam

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------- x

In re

HAL LUFTIG COMPANY, INC.,

                                Debtor.

Chapter 11

Case No. 22-11617 (JPM)

-------------------------------------------------------- x

## OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S SMALL BUSINESS PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

TO:    THE HONORABLE JOHN P. MASTANDO III,  
        UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), by and through his undersigned counsel, hereby submits his objection (the "Objection") to the Small Business Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), ECF No. 55, filed by Hal Luftig Company, Inc., (the "Debtor"). In support of the Objection, the United States Trustee respectfully states:

### PRELIMINARY STATEMENT

The United States Trustee objects to confirmation of the Plan because it contains an inappropriate, nonconsensual, non-debtor third-party release.

The nonconsensual non-debtor third-party release in the Plan exemplifies the abuse that concerned the Second Circuit in *In re Purdue Pharma, L.P.,* 2023 WL 3700458, *68 (2nd Cir. May 30, 2023), fails to satisfy the factors justifying such release, and is unsupported by the rigorous factual disclosures and evidentiary burden required by the *Purdue Pharma* decision.

Specifically, the Second Circuit only permits a third-party release in rare and unusual cases where, among other things, the release is essential to the plan, the non-debtor makes a substantial contribution to the reorganization, the affected creditors have overwhelmingly voted in support of the Plan with the release, and the debtor provides evidence that the plan provides for fair payment of the enjoined claims. Not only is this case not rare or unusual, but the release is not essential to confirm the Plan, the non-debtor is not making a substantial contribution, affected creditors *unanimously* object to the Plan with the release, and the Debtor has not established that the Plan provides fair payment of the enjoined claims. Accordingly, the United States Trustee respectfully requests that the Court deny confirmation of the Plan unless modified to remove the release.

Moreover, in accordance with the *Purdue Pharma* decision, approval of third-party releases are a non-core proceeding under *Stern v. Marshall*, 564, U.S. 462 (2011), and the bankruptcy court lacks constitutional authority to finally approve of the release. Accordingly, should this Court approve the third-party release, its decision would only constitute findings of fact and conclusions of law for the district court's *de novo* review before the plan could be confirmed.

## BACKGROUND

### General Background

1. On December 1, 2022, (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of the United States Code. ECF No. 1.

2. The Debtor is a theatrical producing company that develops, acquires, presents and promotes theatrical plays, musicals, and similar works of theater on stage and in other media. Declaration of Hal Luftig Under Local Rule 1007-1 (the "Declaration") at ¶ 4, ECF No. 5

3. The Debtor commenced this case because of an unfavorable arbitration award based on breach of contract entered against both the Debtor and its President and sole shareholder Hal Luftig ("Luftig"), jointly and severally, in the amount of approximately $2.6 million. Declaration at ¶ 6. The award was based on claims asserted by Warren Trepp ("Trepp") through his wholly owned entity FCP Entertainment Partners, LLC ("**FCP**"), a former business partner and investor in the Debtor. *Id*. at ¶ 7.

4. On May 31, 2023, the Court approved a Stipulation and Order whereby the Debtor and FCP agreed the amount of FCP's claim *against the Debtor's estate* is $2,862.776.00. ECF No. 81. The Stipulation and Order did not address FCP's claim against Luftig.

5. In its Petition the Debtor checked the box electing to proceed under Subchapter v of chapter 11. *Id*.

6. Other than the Debtor's sole shareholder, the Debtor has 2 employees. Id. at ¶ 44.

7. On the Petition Date, Charles Persing was appointed as Subchapter V trustee. ECF No. 9.

8. The Debtor is authorized to continue to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

The Plan

9. On March 1, 2023, the Debtor filed the Plan.

10. The Plan will be funded by the Debtor's disposable income for a period of 5 years. *Id*. at 8.

11. In addition, the Plan will also be funded by a $500,000 cash contribution by Luftig and a $50,000 payment by Luftig to settle possible avoidance actions. *Id*. Luftig will also agree to

3

(i) subordinate certain allowed claims that he holds against the Debtor, (ii) enter into an employment agreement with the Debtor that provides for his non-exclusive employment for a five-year period (the duration of the Plan), (iii) to the extent required by the Bankruptcy Court, make a back-stop commitment (contribution of up to $100,000 on the effective date), (iv) dismiss his appeal of the decision confirming the arbitration award; and (v) for the life of the Plan, not charge the Debtor rent for the space utilized in his home in New York City (collectively, the "Luftig Contribution"). *Id*. at 1 and 17.

12. In connection with the Employment Agreement, Luftig will receive a $210,000 base salary per year. Plan Supplement at Exhibit C, Proposed Employment Agreement at Section 5(b) (Compensation), ECF No. 63.

13. In return for the Luftig Contribution, the Plan provides Luftig a release of all claims held by FCP and Trepp, except for any claim or right to payment FCP is entitled to under the Plan. *Id*. at 18.

**OBJECTION**

The nonconsensual, non-debtor, third-party release in the Plan requires denial of confirmation because it cannot pass muster under Second Circuit precedent. A release of claims held by non-debtors against other non-debtors is "a dramatic measure to be used cautiously" and "is only proper in rare cases." *Metromedia*, 416 F.3d 136, 142-43 (2d Cir. 2005) (internal citation omitted). "The plain admonition of the Second Circuit Court of Appeals is that third party releases are frequently a subject of abuse and that they are appropriate only in narrow and unusual circumstances." *In re Chassix Holdings, Inc., et al.*, 533 B.R. 64, 78 (Bankr. S.D.N.Y. 2015) (citing *Metromedia*, 461 F 3d. at 143).

4

According to *Purdue Pharma,* given the potential for abuse, third-party releases must be imposed against a backdrop of equity, and courts should exercise particular care when evaluating a non-debtor release. *Id*. at * 79. In evaluating releases, courts must consider the following seven factors to determine if a non-consensual non-debtor release is appropriate:

First, is there an identity of interest between the debtor and the released third parties?

Second, are the claims against the debtor and non-debtor factually and legally intertwined?

Third, is the scope of the release appropriate?

Fourth, is the release essential to the reorganization?

Fifth, has the non-debtor contributed substantial assets to the reorganization?

Sixth, did the impacted creditors overwhelmingly vote in support of the plan? and

Seventh, does the plan provide fair payment of enjoined claims?

*Id*. at **78 & 79.

The Second Circuit requires "consideration of each factor" but also cautions that "there may even be cases in which all factors are present, but the inclusion of third-party releases in a plan of reorganization should not be approved." *Id*. at * 79. The Court also required the bankruptcy court to "support each of these factors with specific and detailed findings." *Id*. The third-party release here fails to satisfy the seven-factor test.

Even if, however, the third-party release could satisfy the *Purdue* factors, approval of the release is a non-core proceeding under *Stern v. Marshall*, 564, U.S. 462 (2011), *id*. at *68 (2nd Cir. May 30, 2023), and the bankruptcy court therefore lacks constitutional authority to finally approve the release. Accordingly, the bankruptcy court's decision, should it approve of the third-party release, would only constitute findings of fact and conclusions of law for the district court's

5

*de novo* review before the plan could be confirmed.

I. **The Debtor's Principal Does Not Qualify for a Nonconsensual Non-Debtor Release under Second Circuit Precedent.**

    A. *This is Not a Rare or Unusual Case*

The Debtor has not—and cannot—demonstrate that this is a rare or unusual case that warrants a nonconsensual third-party release in favor of Luftig, the Debtor's sole shareholder. Other than Luftig, the Debtor has only two employees. The Debtor commenced this case because a single creditor obtained an arbitration award based on breach of contract against both the Debtor and Luftig, jointly and severally, of approximately $2.6 million. But it is not rare or unusual for the sole shareholder of a company to be obligated jointly and severally with his company. In short, this is a typical small business subchapter v case. There are no extraordinary or unusual characteristics. Luftig simply seeks to force an involuntary settlement upon his primary creditor. Based upon that alone, the Court should not approve the Plan. To allow a non-debtor release in this case would make meaningless the Second Circuit's admonition that a release of claims held by non-debtors against other non-debtors is "a dramatic measure to be used cautiously" and "is only proper in rare cases." *Metromedia*, 416 F.3d at 142-43 (2d Cir. 2005) (internal citation omitted).

    B. *The Plan Does Not Satisfy the Purdue Pharma Seven-Factor Test.*

Additionally, the *Purdue Pharma* factors are not met here, despite the Second Circuit's requirement that all seven factors be considered. *Purdue Pharma* at *79.

        a. *Luftig's Contribution is Not Essential to Confirm a Plan*

First, Luftig's contributions to the Plan are not essential to confirm a plan in this case. The Debtor can confirm a plan without the release by providing its disposable income to its creditors

for a period of three to five years. 11 U.S.C. §§1191(b), (c) & (d). Luftig's contributions, then, are not required for reorganization but rather are merely a way of purchasing a discharge without filing a bankruptcy petition. As the Second Circuit held, "if the only reason for the inclusion of a release is the non-debtor's financial contribution to a restructuring plan, then the release is not essential to the bankruptcy." *Purdue Pharma* at *81.

          *b. Luftig Does Not Contribute Substantial Assets to the Reorganization*

Second, Luftig does not contribute substantial assets to the reorganization. In *Purdue Pharma*, the Second Circuit noted that the funds contributed to the plan were one of the largest contributions in bankruptcy anywhere. *Id*. at *81. Here, although Luftig will contribute $500,000 to fund the Plan, according to the Employment Agreement he will receive $210,000 base salary per year over the life of the Plan, or over $1 million in five years. This amount is greater than what Luftig will contribute. Accordingly, the net effect of the Plan is a positive cash flow to Luftig, not a substantial contribution.

          *c. Creditors Do Not Support the Plan.*

Third, the affected creditors do not support the Plan with the release. In *Purdue Pharma*, the Second Circuit set a benchmark requiring at least 75% of affected creditors to support a plan with the release, while also expressing approval for "overwhelming approval of the Plan" and considering 75% acceptance as "the bare minimum." *Id*. at * 78-79. Here, *all* affected creditors object to the Plan. Therefore, there is absolutely no creditor support for the Plan with the release.

          *d. There is No Evidence that the Plan Provides for Fair Payment of Enjoined Claims*

Finally, the Debtor has not demonstrated that the Plan provides for fair payment for the enjoined claims. To be a fair payment the Debtor must show that "the contributed sum permits the

7

fair resolution of the enjoined claims. *Purdue Pharma* at * 79. Luftig, however, has not disclosed any financial information, including his net worth. Without this information, the Court, affected creditors, and the United States Trustee cannot determine if Luftig's contribution towards the Plan is a fair resolution of the enjoined claims.

## CONCLUSION

Accordingly, the third-party release does not pass muster under this circuit's precedent and should be stricken from the Plan.[1]

WHEREFORE, the United States Trustee respectfully requests that the Court sustain his Objection and grant such other relief as is just.

Dated: New York, New York
       June 30, 2023

                                   WILLIAM K. HARRINGTON
                                   UNITED STATES TRUSTEE

By:   */s/ Paul Schwartzberg*
      Paul Schwartzberg
      Trial Attorney
      Office of United States Trustee
      Alexander Hamilton Custom House
      One Bowling Green, Room 534
      New York, NY 10004-1408
      Telephone: (212) 510 - 0521

---

[1] The United States Trustee reserves his right to raise any, and all, statutory, constitutional, and caselaw arguments that the release should not be allowed.