**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE: | CHAPTER 11 (SUBCHAPTER V) |
| HAL LUFTIG COMPANY INC., | CASE NO. 22-11617 (JPM) |
| DEBTOR. | |

---

**FCP ENTERTAINMENT PARTNER'S FINAL OBJECTION TO
CONFIRMATION OF DEBTOR'S THIRD AMENDED SMALL BUSINESS
PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

COMES NOW FCP Entertainment Partners, LLC ("FCP"), by and through its counsel, LIPPES MATHIAS LLP, and pursuant to Sections 1129 and 1191 of Title 11 of the United States Code ("Bankruptcy Code"), hereby submits this objection ("Objection") to confirmation of the proposed Third Amended Small Business Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ("Third Amended Plan") filed by the debtor, Hal Luftig Company, Inc. ("Debtor") [ECF Doc. No. 172], and respectfully represents:

**PRELIMINARY STATEMENT**

FCP objects to confirmation of the Plan on the grounds that is it not fair or equitable as required by 11 USC §§ 1129(b) and 1191(b). The Plan fails to meet the statutory requirements of being fair and equitable as it would continue to enjoin FCP from enforcing the Final Judgment (defined below) against non-debtor Hal Luftig in his individual capacity until the close of this Chapter 11 Case. Additionally, FCP objects on the grounds that the Debtor seeks to confirm the plan over objection of FCP, as the owner of 100% of the Class 3 claims and the creditor with the largest claim by a substantial margin. Because the Plan is not fair or equitable, confirmation should be denied, and the Third Amended Plan should be further amended to no longer enjoin FCP from enforcing the Final Award.

1

## BACKGROUND

Following arbitration in which FCP prevailed, on November 15, 2022, the United States District Court for the Southern District of New York approved a proposed judgment confirming an award in FCP's favor in the amount of $2,638,925.78 ("Final Award") against both Hal Luftig, principal of the Debtor ("Luftig") and the Debtor, jointly and severally. On January 13, 2023, over opposition submitted by both FCP and the Office of the United States Trustee, this Court entered an Order Granting Debtor's Motion Pursuant to 11 U.S.C. §§ 362(a) and 105(a): (I) to Extend the Automatic Stay to non-debtor Hal Luftig; (II) For a Temporary Restraining Order and Preliminary Injunction; (III) Setting Hearing Date; and (IV) Fixing the Form and Manner of Notice. [Adv, Pro. No. 22-01176, ECF Doc. No. 23] ("Luftig Injunction"). FCP has been unable to enforce the Final Award against Luftig or the Debtor during the life of this Chapter 11 Case by combined operation of the Automatic Stay and the Luftig Injunction.

On July 25, 2024, the Debtor filed a Second Amended Small Business Plan of Reorganization Under Chapter 11 of the Bankruptcy Code "Second Amended Plan"). [ECF Doc. No. 155]. The deadline to object to the Second Amended Plan was set for November 15, 2024 at 4:30 pm. On November 15, 2024, FCP timely filed an Objection to Confirmation of the Second Amended Plan [ECF Doc. No. 170] and an accompanying Declaration of John A. Mueller, Esq. to which was attached a Rebuttal Report of Martin Platt [ECF Doc. No. 170-1] (ECF Doc. Nos. 170 and 170-1 collectively, "Objection to the Second Amended Plan"). A confirmation hearing for the Second Amended Plan was scheduled to be held on December 19, 2024.

On November 21, 2024, following the expiration of time for the Debtor to file any objections, the Debtor filed the Third Amended Plan. The Third Amended Plan makes revisions to specific language contained in Article V as requested by the Office of the United States Trustee.

2

Specifically, as relevant here, the Third Amended Plan contains language regarding the Luftig Injunction stating that "FOR THE AVOIDANCE OF DOUBT, THE INJUNCTION OBTAINED IN ADVERSARY PROCEEDING 22-01176 APPLIES ONLY TO FCP" and that the Luftig Injunction "SHALL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EARLIEST OF THE TIME THE CHAPTER 11 CASE IS CLOSED, DISMISSED, OR THE DISCHARGE IS GRANTED OR DENIED." (Third Amended Plan at 13).

On December 11, 2024, FCP filed a Response to Confirmation of Debtor's Third Amended Small Business Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [ECF Doc. No. 178] ("Response to Third Amended Plan") wherein FCP set forth their understanding of the effect that revisions contained within the Third Amended Plan would have and conditionally consenting to the Third Amended Plan. On December 12, 2024, the Debtor filed a Reply in Further Support of the Third Amended Plan [ECF Doc. No. 178] which questioned the validity of the Response to Third Amended Plan. Also on December 12, 2024, the Debtor filed a Supplemental Declaration of Sheryl P. Giugliano Regarding Solicitation of Votes and Tabulation of Ballots Accepting and Rejecting Debtor's Small Business Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ("Amended Tabulation"). [ECF Doc. No. 179]. The Amended Tabulation advised the Court that the Debtor had received two ballots rejecting the Third Amended Plan from class 4 general unsecured creditors Amy B. Deutsch and Kevin Conor. *Id.*

On request of FCP by letter submitted to Chambers, with a copy to all counsel of record, on December 17, 2024 the Court adjourned the December 19, 2024 confirmation hearing to instead hold a status conference to address procedural confusion that resulted following the filing of the Third Amended Plan. [ECF Doc. Nos. 183 & 184]. At that status conference, FCP was afforded

an opportunity to file a formal objection to the Third Amended Plan ahead of the confirmation hearing.

### WITHDRAWAL OF OBJECTION TO THE SECOND AMENDED PLAN

By filing this Objection, FCP hereby expressly withdraws the Objection to the Second Amended Plan. For the avoidance of doubt and for complete clarity amongst all parties to this matter, the withdrawal of the Objection to the Second Amended Plan also includes a withdrawal of the Rebuttal Report of Martin Platt [ECF Doc. No. 170-1].

### ARGUMENT

Confirmation of the Third Amended Plan should be denied because it does not provide for the fair and equitable treatment of FCP, as required by 11 U.S.C. § 1191(b). Subsection (c) of § 1191 defines what a fair and equitable plan is under Chapter 11, Subchapter V by providing a list of requirements. However, application of the fairness and equity of a proposed plan "requires more than a mechanical, check-the-box application of the requirements of § 1191(c)." *In re Trinity Family Practice & Urgent Care PLLC*, 661 BR 793, 815 (Bankr. W.D. Tex 2024). Instead, the requirements set forth in § 1191(c) are merely the baseline, and "the court has the discretion to require more as a condition of finding that the plan is fair and equitable." *Id.* (noting that the insertion of the word *including* in the preamble of § 1191(c) renders the following requirements the bare minimum.) Indeed, this Court in this very case has not read the §1191(c) list of requirements to be exhaustive. *In re Hal Luftig Co., Inc.*, 655 BR 508, 526 (Bankr. S.D.N.Y. 2023) (considering the inclusion of the Luftig Release in a prior plan proposed by the Debtor while conducting a § 1191(b) fair and equitable analysis).

As the United States Supreme Court recognized in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 144 S. Ct. 2071 (2024), an injunction against collecting on or recovering a debt against

a debtor that accompanies a confirmed plan "operates only for the benefit of the debtor against its creditors and does not affect the liability of any other entity." *Id.; see also Intl. Petroleum Products and Additives Co., Inc. v. Black Gold S.A.R.L.*, 115 F.4th 1202, 1216 (9th Cir. 2024). In *Purdue*, the Supreme Court soundly rejected the ability of a bankruptcy court to "extend to *nondebtors* the benefits of a Chapter 11 discharge usually reserved for *debtors*." *Purdue Pharma L.P.*, 603 U.S. at 215 (emphasis in original).

The inclusion of the Luftig Injunction in the Third Amended Plan renders it unfair and inequitable. The Luftig Injunction essentially amounts to a discharge over the life of the plan and will continue to enjoin FCP from enforcing its rights in the Final Award. FCP followed the proper process and procedure and obtained a valid judgment against both the Debtor and Luftig, jointly and severally. That FCP should continue to be restrained from enforcing the Final Award against a non-debtor during the life of the Third Amended Plan, if confirmed, goes against all concepts of fairness and equity.

Additionally, before a plan may be considered fair or equitable, it must "provide[] appropriate remedies… to protect the holders of claims or interests in the event that the payments are not made." 11 U.S.C. § 1191(c)(3); *In re Pearl Resources LLC*, 622 BR 236, 269 (Bankr. S.D. Tex. 2020). The Third Amended Plan is also completely silent as to any remedies in the event of the Debtor's failure to make plan payments. Without these crucial protections, FCP would be harmed in the very likely event that the Debtor is unable to make payments as required under the Third Amended Plan.

Finally, FCP is the only creditor within Class 3 of claims, and rejects confirmation of the Third Amended Plan. In light of the fact that FCP, as 100% of Class 3 claims and as the largest creditor of the Debtor by a substantial margin, it is evident that the plan is not fair or equitable.

5

Accordingly, confirmation of the Third Amended Plan should be denied as it is neither fair nor equitable towards FCP.

## CONCLUSION

For all the reasons set forth above, FCP respectfully requests that the Bankruptcy Court enter an Order: (i) denying confirmation of the Third Amended Plan; and (ii) granting such other relief deemed proper.

Dated: January 10, 2025  
       Buffalo, New York

**LIPPES MATHIAS LLP**

*/s/Christopher M. Fisher*  
John A. Mueller, Esq.  
Richard M. Scherer, Jr., Esq.  
Christopher M. Fisher, Esq.  
50 Fountain Plaza, Suite 1700  
Buffalo, New York 14202-2216  
(716) 853-5100  
jmueller@lippes.com  
rscherer@lippes.com  
cfisher@lippes.com  

· *Counsel to FCP Entertainment Partners, LLC*

To:    All parties receiving CM/ECF notice