Official Form 417A (12/23)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): FCP Entertainment Partners, LLC

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☐ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☑ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:
   Order confirming bankruptcy plan [ECF Dkt. No. 197]

2. State the date on which the judgment—or the appealable order or decree—was entered:
   March 6, 2025

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party: See Attached Ex. A    Attorney: _____

2. Party: _____    Attorney: _____

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

❑ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

/s/Svetlana K. Ivy, Esq.
_____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Date: March 19, 2025

Name, address, and telephone number of attorney
(or appellant(s) if not represented by an attorney):
  Svetlana K. Ivy, Esq.
  Lippes Mathias LLP
  50 Fountain Plaza, Suite 1700
  Buffalo, New York 14202

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[**Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# EXHIBIT A

| PARTY | ATTORNEY |
|---|---|
| Hal Luftig Company, Inc | **RUSKIN MOSCOU FALTISCHEK, P.C.**<br>Sheryl P. Giugliano, Esq.<br>Michael S. Amato, Esq.<br>East Tower, 15th Floor, 1425 RXR Plaza<br>Uniondale, NY 11556 |
| Hal Luftig | **MARTIN J. FOLEY, PLC**<br>Martin J. Foley, Esq.<br>601 S. Figueroa Street, Suite 2000<br>Los Angeles, CA 90017 |
| FCP Entertainment Partners, LLC | **LIPPES MATHIAS LLP**<br>John A. Mueller, Esq.<br>Richard M. Scherer, Esq.<br>50 Fountain Plaza, Suite 1700<br>Buffalo, New York 14202 |
| Subchapter V Trustee | **BEDERSON, LLP**<br>Charles N. Persing, CPA<br>347 Mount Pleasant Avenue<br>West Orange, NJ 07052 |
| Office of the United States Trustee | Paul Schwartzberg, Esq.<br>One Bowling Green, Room 534<br>New York, NY 10004 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

HAL LUFTIG COMPANY, INC.,

Debtor.
-----------------------------------------------------------------x

Chapter 11 (Subchapter V)

Case No. 22-11617 (JPM)

**ORDER CONFIRMING DEBTOR'S THIRD AMENDED SMALL BUSINESS PLAN OF REORGANIZATION (ECF DOC. NO. 172) PURSUANT TO 11 U.S.C. §§ 1129 AND 1191 AND COURT'S MEMORANDUM OPINION AND ORDER (ECF DOC. NO. 195)**

On January 17, 2025, the Court held a hearing (the "**Confirmation Hearing**"), the transcript of which is incorporated herein by reference, to consider confirmation of the *Third Amended Small Business Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (ECF Doc. No. 172), filed on November 21, 2024 (the "**Plan**")[1], by Hal Luftig Company, Inc. (the "**Debtor**"), the above-captioned debtor and debtor-in-possession. As set forth in the *Memorandum Opinion and Order on Confirmation of Debtor's Third Amended Small Business Plan of Reorganization Under Chapter 11*, dated February 24, 2024 (ECF Doc. No. 195) (the "**Opinion and Order**"), the Court has reviewed the Plan, considered the documents admitted into evidence and the testimony of witnesses present at the Confirmation Hearing, considered the statements and arguments of counsel, the docket of the Chapter 11 Case, and considered any other relevant factors affecting the Chapter 11 Case as set forth on the record at the Confirmation Hearing.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan. Further, for the avoidance of doubt, all references to the Plan contemplate the Plan with the "Luftig Stay Extension," as defined and used throughout the Opinion and Order.

**BASED ON THE FOREGOING, IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  On December 1, 2022, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, and elected to proceed in a Subchapter V reorganization case. The Debtor was qualified to be a Debtor under Bankruptcy Code § 109. The Debtor was also qualified and elected to proceed as a small business debtor under Subchapter V of the Bankruptcy Code, as that term is defined by Bankruptcy Code § 1182(1).

B.  This Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Southern District of New York was proper on the Petition Date and continues to be proper under 28 U.S.C. §§ 1408 and 1409.

C.  Every person or entity required to receive notice of the hearing on confirmation of the Plan, as well as the Plan voting and Plan objection deadlines set by the Court, received timely and adequate notice as required by Bankruptcy Rules 2002 and 9014 and the Bankruptcy Code.

D.  The contents of the Plan, including the Luftig Stay Extension and the Back-Stop Commitment, satisfy the applicable requirements of Bankruptcy Code § 1190 and any other applicable requirements of the Bankruptcy Code.

E.  The Plan, including the Luftig Stay Extension and the Back-Stop Commitment, and the Debtor have satisfied all applicable requirements for confirmation of the Plan under Bankruptcy Code § 1129(a), except for Bankruptcy Code §§ 1129(a)(8) and (a)(10). Thus, the Plan cannot be confirmed under Bankruptcy Code § 1191(a). The Plan, including the Luftig Stay Extension and the Back-Stop Commitment, can and should be confirmed under Bankruptcy Code

2

§ 1191(b), as the Plan does not discriminate unfairly and is fair and equitable with respect to each impaired class of claims and interests that have not accepted the Plan as required by Bankruptcy Code § 1191(c).

F.  The Plan and the Debtor have satisfied all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Plan.

G.  The Plan does not contain any material change which would require further disclosure or solicitation pursuant to Bankruptcy Code § 1127 and Bankruptcy Rules 3018 and 3019(a).

H.  The Court specifically finds that there is cause under Bankruptcy Code § 1194(b) for the Debtor to serve as the Disbursing Agent under the Plan, as contemplated by the Plan and in light of the fact that neither FCP nor the US Trustee nor any other party in interest requested that the Subchapter V Trustee serve as the Disbursing Agent.

I.  The Plan satisfies the requirements of Bankruptcy Code §§ 1122 and 1123 and the classification of Claims is reasonable, proper and not impermissibly discriminatory with respect to each Class of Claims.

J.  The Plan has been proposed in good faith, is fair and equitable to each class of Claims, and not by any means forbidden by law.

K.  Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor, and the Plan is feasible.

L.  The resolution of the Debtor's estate's claims against Mr. Luftig resulting in the Luftig Settlement Payment has been proposed in good faith and has been entered in the exercise of the Debtor's reasonable business judgment, and the terms thereof are fair and reasonable.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, AS FOLLOWS:**

1. The Plan (ECF Doc. No. 172) is hereby incorporated by reference into, and an integral part of, this Confirmation Order, and approved in each and every respect as a nonconsensual plan pursuant to Bankruptcy Code §1191(b). The terms of the Plan and the Opinion and Order (ECF Doc. No. 195) are incorporated by reference into, and an integral part of, this Confirmation Order.

2. To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, including but not limited to any and all objections asserted by FCP, which for the avoidance of doubt were filed as ECF Doc. Nos. 170, 178, and 190, and asserted at the Confirmation Hearing, such are hereby denied.

3. The Effective Date of the Plan shall be March 21, 2025, notwithstanding anything to the contrary in the Plan.

4. In the event of a conflict between the provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

5. Within three (3) days after the Effective Date, the Debtor shall serve notice of (a) entry of this Confirmation Order, (b) the occurrence of the Effective Date, and (c) any bar dates and any other deadlines set by the Plan (the "**Notice of Effective Date and Deadlines**") pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor shall thereafter promptly file a copy of such Notice of Effective Date and Deadlines, with proof of mailing with the Court.

6. The provisions of the Plan, and any documents executed in conjunction with the Plan and this Confirmation Order are, as of the Effective Date, effective and binding on the Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs,

successors, assigns, or other persons claiming through them. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety, including without limitation with the Luftig Stay Extension. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

7. The Debtor shall make the payments to creditors required by the Plan under Bankruptcy Code § 1194(b) (the "**Disbursing Agent**"). The Disbursing Agent will distribute Plan payments in accordance with the terms of this Confirmation Order and the Plan until all required payments have been made.

8. The Disbursing Agent shall file a report six (6) months after the Effective Date and every annual anniversary thereafter detailing disbursements made under the Plan.

9. Disbursements may be delivered by the Disbursing Agent to (a) the address for payment set forth on a proof of claim filed by the claimant or its authorized agent, or (b) the address in the Debtor's Schedules of Assets and Liabilities (ECF Doc. No. 23) (the "**Schedules**") if no such proof of claim was filed. If any distribution to a claimant of an Allowed Claim in Class 3 or Class 4 is returned to the Disbursing Agent as undeliverable, no further distributions shall be made to such claimant unless and until the Disbursing Agent is notified in writing of such claimant's correct mailing address, at which time all currently due distributions shall be made to such claimant as soon as practicable. Undeliverable distributions shall remain in the possession of the Disbursing Agent until such time as a distribution becomes deliverable and shall not be supplemented with any interest, dividends, or other accruals of any kind. If, despite reasonable efforts, the Disbursing

Agent is unable to obtain the information necessary to deliver a distribution within six (6) months following the return of the undeliverable distribution, the Disbursing Agent shall deposit the amount with the Clerk of the Court in accordance with Bankruptcy Code § 347(a).

10. The Trustee shall file all reports required by Bankruptcy Code §§ 1183(b)(1) and 704(a)(9) in the manner prescribed by the United States Trustee Program. Upon the completion of the Plan, the Trustee shall file his report and seek a discharge of his duties as Trustee.

11. The Debtor and its respective agents and attorneys and other professionals are hereby authorized, empowered and directed to carry out the provisions of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Confirmation Order.

12. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in the Debtor's case, or if no proof of claim is filed, to the creditor's mailing address set forth in the Schedules.

13. Pursuant to Bankruptcy Code § 1192, within thirty (30) days of the later of (i) the filing of the Subchapter V Trustee's No Distribution Report or Trustee's Final Report, or (ii) the end of the term of the Plan, the Debtor shall file a motion for entry of the discharge order. In the motion for entry of discharge, the Debtor shall certify that (a) all payments required under the Plan have been made, (b) all Administrative Expense Claims have been paid in full unless otherwise agreed to by the holder of such claim, and (c) the Debtor is entitled to entry of the discharge.

14. The Debtor and holders of all Claims and Interests are bound by the Plan within the meaning of Bankruptcy Code § 1141.

15.     The Court shall retain jurisdiction of this Chapter 11 Case for all purposes provided in Bankruptcy Code §§ 1142 and 1193, and Bankruptcy Rule 3020(d).

16.     This Confirmation Order is a final order and effective and enforceable immediately upon entry and the period in which an appeal must be filed shall commence upon the entry hereof.

17.     The findings of this Court set forth above, together with the Opinion and Order, all other bench findings, findings of fact and conclusions of law made by this Court during the Confirmation Hearing, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

18.     The Debtor is authorized and directed to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effectuate and consummate the Plan and carry out this Confirmation Order in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws. The approvals and authorizations specifically set forth in this Confirmation Order and the Plan are nonexclusive and are not intended to limit the authority of the Debtor to take any and all actions necessary or appropriate to implement, effectuate and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

19.     All actions contemplated by the Plan and authorized by the Opinion and Order and this Confirmation Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and shall have the same effect of such authorizations and approvals under such laws, without any requirement of further action by the Debtor.

20.     The Debtor is hereby authorized and directed to file (a)  post-confirmation,

operating reports on a quarterly basis until the entry of a Final Decree, the Chapter 11 Case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code, and (b) a request for a final decree closing the Chapter 11 Case after the Debtor's estate is fully administered for purposes of Bankruptcy Code § 350(a) and Bankruptcy Rule 3022.

21. Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated: March 6, 2025
      New York, New York        /s/ John P. Mastando III
                                         THE HONORABLE JOHN P. MASTANDO III
                                         UNITED STATES BANKRUPTCY JUDGE